# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEE MAYS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 07-CV-671-GKF-PJC |
| | ) |
| WALTER N. DINWIDDIE, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Jerry Lee Mays, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 11), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 11, 12, and 13). Petitioner filed a reply (Dkt. # 14). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

On November 9, 2004, Ronny Ray Peters, a dockhand for Poultry Express Distributing Company, located in Tulsa, Oklahoma, saw a man, later identified as Petitioner Jerry Lee Mays, park his vehicle beside the company's dumpster. The man was apparently retrieving a TV he had found in the dumpster. Peters told the man he was on private property and asked him to leave the premises. As the man began to drive away, he put his car into reverse and accelerated rapidly, causing Peters, who had been standing near the man's car, to put his hands on the car and push himself away to avoid being run over by the car. Peters could see a gun in the man's hand and screamed "[h]e's got a gun." Peters' co-worker, Phillip Latty, ran to his pickup truck and retrieved a chopping axe. Latty threw the axe at the man's car where it lodged, momentarily, in the left

taillight. The man then stopped his car, pointed his gun over his left shoulder, and yelled, "I'll kill both of you white mother@!*#ers." Peters and Latty ran inside to call police. While Ronny Peters was telling his brother Benny Peters, the owner of the company, about the incident, the man returned on foot. Ronny Peters, unarmed, walked outside. The man pulled a gun out of his pants and pointed it straight at Peters. As Peters ran for cover, the man fired a total of four (4) shots. Phillip Latty and another employee, Kevin Surrett, came outside, both armed with guns. Latty tried to shoot, but his gun misfired. Surrett fired his gun twice in the man's general direction. One of the bullets fired by the man struck the building, ricocheted and hit Surrett in the back. After Surrett fired his gun, the man ran away. Petitioner Jerry Lee Mays was arrested later that day. No gun was recovered.

As a result of those events, Petitioner was arrested and charged with two (2) counts of Shooting With Intent to Kill (Counts 1 (Ronny Peters) and 4 (Kevin Surrett)), Felonious Possession of a Firearm (Count 2), and Assault and Battery With a Dangerous Weapon (Count 3), All After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2004-4929. On April 11-14, 2005, Petitioner was tried by a jury in a three stage trial.[1] Except for Count 3, the jury found Petitioner guilty as charged. As to Count 3, the jury found Petitioner guilty of the lesser included offense of Assault and Battery. On April 25, 2005, the trial judge sentenced Petitioner in accordance with the jury's recommendation to forty (40) years imprisonment on each of Counts 1 and 4, thirty (30) years imprisonment on Count 2, and ninety (90) days in the county jail

---

[1] Because a prior felony conviction is an element of the crime of Felonious Possession of a Firearm, that count was tried separately. Thus, during the first stage of trial, Petitioner's guilt/innocence was determined as to Counts 1, 3, and 4. Those counts were recharacterized for trial as Counts A, B, and C. In the second stage, Petitioner's guilt/innocence was determine as to Count 2, Felonious Possession of a Firearm, recharacterized for trial as Count D. During the third stage of trial, the State presented evidence of Petitioner's prior felony convictions for the purpose of sentence enhancement.

on Count 3, with the sentences ordered to be served consecutively. Petitioner was represented at trial and sentencing by Assistant Public Defender Richard Couch.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by Assistant Public Defender Stuart Southerland, Petitioner raised the following propositions of error:

> Proposition 1: The evidence at trial was insufficient to support a conviction in Count C, shooting with intent to kill. There was no evidence to support any intent to kill Kevin Surrett when Appellant fired his weapon.
>
> Proposition 2: Appellant's convictions for shooting with intent to kill, AFCF, and felonious possession of a firearm, AFCF, violate 21 O.S. 2001, § 11, as well as the double jeopardy provisions of the Oklahoma and United States Constitutions.
>
> Proposition 3: Appellant's thirty year sentence in Count D, possession of firearm after former conviction of two or more felonies, is excessive and should be modified.
>
> Proposition 4: Appellant's conviction for assault and battery must be reversed. The jury should not have been instructed on the crime as a lesser included offense of assault and battery with a dangerous weapon.
>
> Proposition 5: The trial court should have instructed the jury as to the applicability of 21 O.S. 2001, § 13.1 to each count of shooting with intent to kill.
>
> Proposition 6: Prosecutorial misconduct deprived Appellant of a fair trial and/or sentencing proceeding in violation of the Fourteenth Amendment to the United States Constitution.
>
> Proposition 7: The jury instructions relating to reasonable doubt and circumstantial evidence served to deprive Appellant of his right to due process in violation of the Fourteenth Amendment to the United States Constitution.
>
> Proposition 8: The accumulation of error in this case deprived Appellant of due process of law, necessitating reversal pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article II § 7 of the Oklahoma Constitution.

See Dkt. # 11, Ex. 2. In an unpublished summary opinion filed April 26, 2006, in Case No. F-2005-422 (Dkt. # 11, Ex. 4), the OCCA determined that reversal was not warranted, but modified the sentences on Counts 1 and 4 to thirty (30) years for each count based on the trial court's failure to instruct the jury on the applicability of the 85% Rule. Id. The OCCA affirmed the Judgments and Sentences for Counts 2 and 3. Id.

On January 11, 2007, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court. See Dkt. # 11, Ex. 5. The state district court recognized five claims, as follows:

1. The trial counsel's failure to contest jury made up of all white jurors. There were no black persons in the jury pool.

2. Trial counsel's failure to have a fingerprint done on casing or powder burn test done on defendant, counsel's failure to suppress possession of firearm because defendant Mays never possessed a gun. Counsel's failure to investigate forensic evidence. All constituted ineffective assistance of counsel.

3. Trial counsel's failure to prepare for trial and conduct interview with witnesses to investigate impeachment evidence to attack the credibility of State's witnesses and to object to preserve errors constitute ineffective assistance of counsel.

4. Trial counsel's failure to provide defendant Mays a copy of brief and to object to prior conviction which was barred by statute of limitations. Hearsay evidence which prejudiced defendant. Counsel's failure to properly prepare for identification testimony. Defendant never saw counsel until he had to go to see judge and counsel's failure to object to prejudicial comments by prosecutor and statement about Petitioner being a habitual criminal.

5. Appellate counsel was ineffective because counsel failed to file ineffective assistance of counsel regarding trial counsel for not preserving errors for appeal and prosecutorial misconduct.

See Dkt. # 11, Ex. 6. By order filed February 14, 2007, id., the state district court denied post-conviction relief. Petitioner appealed. By order filed March 29, 2007, in Case No. PC-2007-171, see Dkt. # 11, Ex. 8, the OCCA affirmed the denial of post-conviction relief.

4

On June 26, 2007, Petitioner filed a second application for post-conviction relief. See Dkt. # 11, Ex. 9. By order filed August 6, 2007, see Dkt. # 11, Ex. 10, the state district court denied post-conviction relief. Petitioner appealed, identifying one claim, as follows:

1. Under ineffective assistance of counsel: on trial counsel and appellant [sic] counsel on the accumulation of errors in this case deprived appellant of due process of law; necessitating reversal pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Art. II § 7 of the Oklahoma Constitution.

See Dkt. # 11, Ex. 11. By order filed November 14, 2007, in Case No. PC-2007-840, see Dkt. # 11, Ex. 12, the OCCA affirmed the denial of the second application for post-conviction relief.

On November 21, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) and supporting brief (Dkt. # 2). In his petition, Petitioner identifies one (1) ground for relief: "[i]neffective assistance of counsel on trial counsel and appellant [sic] counsel." See Dkt. # 1. In his supporting brief (Dkt. # 2), Petitioner provides a rambling narrative and fails to set out with clarity his specific claims. Nonetheless, it is clear that Petitioner asserts numerous claims of ineffective assistance of trial and appellate counsel. See Dkt. # 2. The claims appear to have been raised in Petitioner's two post-conviction proceedings. Significantly, the only claims identified in the petition (Dkt. # 1) are ineffective assistance of trial and appellate counsel. Petitioner does not assert any claim that was raised on direct appeal. See id. In response to the petition, Respondent argues that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d), or are procedurally barred. See Dkt. # 11.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455

U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies. See Dkt. # 11, ¶ 8. To the extent any of the instances of ineffective assistance of counsel identified in the supporting brief have never been presented to the state courts, Petitioner has no available remedy for the claims. Therefore, the Court finds the exhaustion requirement is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.	Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's claim of ineffective assistance of appellate counsel on post-conviction appeal. See Dkt. # 11, Ex. 8. Therefore, that claim will be reviewed pursuant to § 2254(d). In his first application for post-conviction relief, see Dkt. # 11, Ex. 5, Petitioner claimed that his appellate counsel provided ineffective assistance when he failed to raise on direct appeal the claims of ineffective assistance of trial counsel identified in the application for post-conviction relief. The state district court denied post-conviction relief, citing, *inter alia*, Strickland v. Washington, 466 U.S. 668 (1984), and concluding that "Petitioner's appellate counsel was reasonably competent." (Dkt. # 11, Ex. 6). On post-conviction appeal, the OCCA cited with approval the state district court's conclusion, but went further and stated that "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default." See Dkt. # 11, Ex. 8 (internal citation omitted). That premise deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248. Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel *de novo*.

7

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

Claims of ineffective assistance of trial counsel are analyzed under the two-pronged Strickland standard. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's

performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Petitioner argued in his post-conviction application that appellate counsel provided ineffective assistance because he failed to raise the following claims: (1) ineffective assistance of trial counsel for failing to contest his "all white" jury, (2) ineffective assistance of trial counsel for failing to subject the casings to fingerprint analysis and to have Petitioner tested for powder burns, and for failing to "suppress" the charge of Felonious Possession of a Firearm since Petitioner never possessed a gun, (3) ineffective assistance of trial counsel for failing to prepare and investigate impeachment evidence, and in failing to preserve errors for appellate review, and (4) ineffective assistance of trial counsel in failing to provide a copy of a brief to Petitioner, to object to prior conviction as time-barred, to object to use of prejudicial hearsay evidence, to prepare for identification testimony, and to object to prosecutor's statements characterizing Petitioner as a "habitual criminal." See Dkt. # 11, Exs. 5 and 6. The Court shall analyze the merits of the ineffective assistance of trial counsel claims omitted by appellate counsel.

### a.    *failure to object to "all white" jury*

Petitioner, who is black, complains that his trial counsel failed to object to his "all white" jury. See Dkt. # 2. In direct contrast to Petitioner's claim, however, the record reflects that trial counsel did lodge an objection to the racial composition of the jury pool. See Dkt. # 13, Tr. Trans. Vol. I at 81. Counsel expressed concern to the trial judge that there were no blacks and only one Asian in the jury pool. See id. The trial judge agreed that, with the exception of the one Asian, it appeared that the jury pool was comprised of all Caucasians. Id. The trial judge overruled counsel's objection, stating that the members of the jury pool were "randomly selected." Id.

By itself, the racial composition of a jury does not present a cognizable constitutional claim. See Battle v. Workman, 353 Fed.Appx. 105, *3 (10th Cir. 2009) (unpublished). To the extent Petitioner intends to bring a claim under Batson v. Kentucky, 476 U.S. 79 (1986), his claim fails. Batson violations occur when a prosecutor uses his peremptory challenges purposefully to discriminate against a racial group. Batson, 476 U.S. at 89. Because there were no blacks in the jury pool, the peremptory challenges exercised by the prosecution would not have violated Batson. Because Petitioner's ineffective assistance of trial counsel claim for failing to object to the jury composition is refuted by the record and, therefore, lacks merit, appellate counsel did not perform deficiently in failing to raise the claim on direct appeal.

### b.    *failure to subject evidence to forensic testing and to argue that Petitioner never possessed a gun*

Petitioner also complains that appellate counsel failed to raise a claim of ineffective assistance of for failing to obtain fingerprint analysis of the casings found at the scene and to have Petitioner tested for powder residue. See Dkt. # 2. In addition, Petitioner alleges that trial counsel failed to request "suppression" of the Felonious Possession of a Firearm charge since he claims to

have never possessed a gun. Id. However, in light of the testimony of four (4) eyewitness(es) who saw Petitioner fire the gun, see Dkt. # 13, Tr. Trans. at 327-29, 374, 424-29, 461, trial counsel did not perform deficiently in failing to subject the evidence to forensic testing. For the same reason, counsel did not perform deficiently in failing to argue that Petitioner never possessed a gun. In addition, Petitioner has not demonstrated that the outcome of his trial would have been different had the evidence been subjected to forensic testing or had counsel argued that Petitioner never possessed a gun. This claim of ineffective assistance of trial counsel lacks merit. Appellate counsel did not perform deficiently in failing to raise it.

### c. *failure to prepare and investigate, failure to object*

In his first post-conviction proceeding, Petitioner complained that appellate counsel failed to challenge trial counsel's "failure to prepare for trial, and conduct interview with witnesses to investigate impeachment evidence to attacking the credibility of state's witnesses and to object to preserve errors for appeal." See Dkt. # 11, Exs. 5, 6, and 7. In this habeas action, Petitioner provides no factual support for these allegations. See Dkt. # 2. He fails to allege what additional preparation should have been undertaken by trial counsel, to provide the identity of witnesses trial counsel should have interviewed, and to identify the trial errors that should have elicited objections by trial counsel. The Court will not craft an argument for Petitioner. He has failed to demonstrate both deficient performance by trial counsel and that the outcome of his trial would have been different but for the alleged errors. As a result, this claim of ineffective assistance of trial counsel lacks merit. Appellate counsel did not perform deficiently in failing to raise it.

> d.  *failure to provide brief, to object to sentence enhancement, to object to hearsay, to prepare for identification testimony, to object to prosecutor's improper statements*

As his last claim identified in his first post-conviction proceeding, Petitioner claimed that trial counsel provided ineffective assistance in failing to provide him with a copy of a brief, failed to object to his sentence enhancement, failed to object to hearsay, failed to prepare for identification testimony, and failed to object to the prosecutor's characterization of him as a "habitual criminal" during the third stage of trial. See Dkt. # 11, Exs. 5, 6, and 7. As with the preceding claim, Petitioner provides no factual support for these allegations. For example, he does not identify the "brief" counsel allegedly failed to provide, he does not provide any evidence supporting his claim that his prior convictions may have been "time barred," he does not identify the hearsay testimony at issue, he does not explain how trial counsel should have prepared for the identification testimony, and he does not explain how, under the facts of this case, the prosecutor's discussion of Petitioner's prior felony convictions and "track record" during the third stage of trial was improper. Furthermore, he does not explain how the result of his criminal proceeding would have been different but for trial counsel's alleged errors. This claim of ineffective assistance of trial counsel lacks merit. Appellate counsel did not perform deficiently in failing to raise the claim on direct appeal.

**C. Procedural bar**

In response to the petition, Respondent asserts that all of Petitioner's claims of ineffective assistance of trial counsel, as raised in his two applications for post conviction relief, are procedurally barred. In affirming the trial court's denial of the first application for post-conviction relief, the OCCA declined to consider the claims of ineffective assistance of trial counsel as a result

of Petitioner's failure to raise the claims on direct appeal. See Dkt. # 11, Ex. 8. In affirming the trial court's denial of the second application for post-conviction relief, the OCCA cited with approval the trial court's finding that the "claims presented in this second application for post conviction relief were the same issues raised in Petitioner's first application for post conviction relief, which was denied." See Dkt. # 11, Ex. 12. The OCCA affirmed the trial court's ruling that consideration of the claims raised in the second application was precluded by *res judicata*. Id.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes, 46 F.3d at 985; Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, the Court need not analyze the applicability of the procedural bar as to the claims of ineffective assistance of trial counsel raised by Petitioner in his first application for post-conviction relief. The Court has determined in Part B above that appellate counsel did not provide ineffective assistance in failing to raise those claims on direct appeal because the claims lack merit.

13

Petitioner is not entitled to habeas corpus relief on the ineffective assistance of trial counsel claims raised in the first application for post-conviction relief.

The Court further finds that to the extent Petitioner raises any claim of ineffective assistance of trial counsel in his habeas petition that was first raised in his second application for post-conviction relief, the claim is procedurally barred. The procedural bar imposed by the OCCA, see Dkt. # 11, Ex. 12, is independent and adequate to preclude federal review. See Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000) (citing Moore v. Reynolds, 153 F.3d 1086, 1096-97 (10th Cir. 1999), and stating that "Oklahoma's procedural bar to claims not raised on initial post-conviction review is independent and adequate"). Also, any new claim of ineffective assistance of counsel that was not presented to the state courts in the two post-conviction proceedings is procedurally barred. Anderson v. Sirmons, 476 F.3d 1131, 1139 (10th Cir. 2007).

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

14

Upon review of the record in this case, the Court finds that Petitioner has not demonstrated "cause" to overcome the procedural bar applicable to any claim raised for the first time in either the second application for post-conviction relief or the brief in support of the petition for writ of habeas corpus. Therefore, the Court concludes that Petitioner has failed to demonstrate "cause" to overcome the procedural bar as to those claims of ineffective assistance of trial counsel.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this case, Petitioner does claim to be actually innocent. See Dkt. # 14. However, he fails to make a "colorable showing" of factual innocence because he presents no "new evidence" supporting his claim of actual innocence. He does not fall within the "fundamental miscarriage of justice" exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that any claim of ineffective assistance of trial counsel first raised in either the second application for post-conviction relief or the brief in support of the habeas corpus petition is procedurally barred. Coleman, 510 U.S. at 724. Petitioner is not entitled to habeas corpus relief on those claims.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate judgment shall be entered in this matter.

**DATED** this 21st day of March, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma